# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OLSEN SECURITIES CORPORATION, INC.,<br>OSC MANAGEMENT, INC., JASMINE LANE<br>ASSOCIATES, LTD., LANCELOT SQUARE<br>TC-17 ASSOCIATES LIMITED PARTNERSHIP,<br>OLD MAN RIVER, LP, ST. ROSE ASSOCIATES,<br>LTD., WILLOW RIDGE ASSOCIATES, LTD.,<br>PINE CLIFF TC-17 ASSOCIATES LIMITED<br>PARTNERSHIP, AIRPORT ROAD ASSOCIATES,<br>LTD., COLLEGE TOWNE PARTNERSHIP,<br>GREEN OAKS ASSOCIATES, LTD., and<br>CEDAR COURT ASSOCIATES, LTD. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. |
| Plaintiffs, | § | |
| vs. | §<br>§ | |
| CERTAIN UNDERWRITERS AT LLOYD'S,<br>LONDON, INDIAN HARBOR INSURANCE<br>COMPANY, QBE SPECIALTY INSURANCE<br>COMPANY, STEADFAST INSURANCE<br>COMPANY, GENERAL SECURITY INDEMNITY<br>COMPANY OF ARIZONA, UNITED SPECIALTY<br>INSURANCE COMPANY, LEXINGTON<br>INSURANCE COMPANY, SAFETY SPECIALTY<br>INSURANCE COMPANY, HDI GLOBAL<br>SPECIALTY SE, and OLD REPUBLIC UNION<br>INSURANCE COMPANY, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR JURY TRIAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiffs, Olsen Securities Corporation, Inc., OSC Management, Inc., Jasmine Lane

Associates, Ltd., Lancelot Square TC-17 Associates Limited Partnership, Old Man River, LP, St.

Rose Associates, Ltd., Willow Ridge Associates, Ltd., Pine Cliff TC-17 Associates Limited

Partnership, Airport Road Associates, Ltd., College Towne Partnership, Green Oaks Associates,

Ltd., and Cedar Court Associates, Ltd. ("hereinafter collectively referred to as Plaintiffs"), through undersigned counsel, Long & Long, P.C., file this Original Complaint against Defendants, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE and Old Republic Union Insurance Company (hereinafter collectively referred to as "Defendants") and, in support of the causes of action asserted herein, respectfully show the Court the following:

## **PARTIES**

1.      Plaintiffs own commercial properties located in this judicial district.  The following properties, (the "Properties"), were insured against damages by the Defendants, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company (collectively, "Defendants").

(a) Olsen Securities Corporation, Inc., OSC Management, Inc. Corporate Office, 2701 Houma Blvd., Ste. C., Metairie, LA 70006;

(b) Jasmine Lane Associates, Ltd (Jasmine Lane Apartments), 814 Early St., Paradis, LA 70080;

(c) Lancelot Square TC-17 Associates Limited Partnership (Lancelot Square Apartments), 100 Lance Lane, Luling, LA 70070;

(d) Old Man River, LP (Ole Man River Apartments), 1 Summerton Dr., St. Rose, LA 70087;

(e) St. Rose Associates, Ltd. (Steamboat Cove Apartments), 3 Summerton Dr., St. Rose, LA 70087;

(f)  Willow Ridge Associates, Ltd. (Willow Ridge Apartments), 441 NW 3rd St., Reserve, LA 70084;

(g)  Pine Cliff TC-17 Associates Limited Partnership (Pine Cliff Apartments), 1575 Hwy 1088, Mandeville, LA 70448;

(h)  Airport Road Associates, Ltd. (Woodland Grove Apartments), 61325 Airport Rd., Slidell, LA 70460;

(i)  College Towne Partnership (Elizabeth Towne Apartments), 101 Sycamore St., Raceland, LA 70394;

(j)  Green Oaks Associates, Ltd. (Green Oaks Apartments), 149 Meadow Circle, Thibodaux, LA 70301; and

(k)  Cedar Court Associates, Ltd (Cedar Grove Apartments), 201 Hill Ct., Houma, LA 70364.

2.  Defendant Certain Underwriters at Lloyd's, London was and is a private insurance company incorporated under the laws of a foreign country, doing business in Louisiana, with its principal place of business located at The Museum Office Building, 25 West 53rd Street, 14th Floor, New York, NY 10019. It may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

3.  Defendant Indian Harbor Insurance Company was and is a private insurance company incorporated under the laws of the State of Delaware, doing business in Louisiana, with its principal place of business located at The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. It may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

4.  Defendant QBE Specialty Insurance Company was and is a private insurance company incorporated under the laws of the State of North Dakota, doing business in Louisiana, with its principal place of business located at 314 East Thayer Avenue, Bismarck, ND 58501. It

may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

5.     Defendant Steadfast Insurance Company was and is a private insurance company incorporated under the laws of the State of Illinois, doing business in Louisiana, with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. It may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

6.     Defendant General Security Indemnity Company of Arizona was and is a private insurance company incorporated under the laws of the State of Arizona, doing business in Louisiana, with its principal place of business located at 2338 W. Royal Palm Road, Suite J, Phoenix, AZ 85021. It may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

7.     Defendant United Specialty Insurance Company was and is a private insurance company incorporated under the laws of the State of Delaware, doing business in Louisiana, with its principal place of business located at 160 Greentree Drive, Suite 101, Dover, DE 19904. It may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

8.     Defendant Lexington Insurance Company was and is a private insurance company incorporated under the laws of the State of Delaware, doing business in Louisiana, with its principal place of business located at 251 Little Falls Drive, Wilmington, DE 19808. It may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

9.     Defendant Safety Specialty Insurance Company was and is a private insurance company incorporated under the laws of the State of Missouri, doing business in Louisiana, with its principal place of business located at 1832 Schuetz Road, St. Louis, MO 63146. It may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

10.     Defendant HDI Global Specialty SE was and is a private insurance company incorporated under the laws of a foreign country, doing business in Louisiana, with its principal place of business located at McDermott Will & Emery LLP, Attn: Tomas M. Dawson, One Vanderbilt Avenue, New York, NY 10017. It may be served with process through its agent for service, the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

11.     Defendant Old Republic Union Insurance Company was and is a private insurance company incorporated under the laws of the State of Illinois, doing business in Louisiana, with its principal place of business located at 307 North Michigan Avenue, Chicago, IL 60601. It may be served with process through its agent for service the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

**JURISDICTION AND VENUE**

12.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00.

13.     This Court has personal jurisdiction over Defendants because at all relevant times they have engaged in substantial business activity in the State of Louisiana. At all relevant times Defendants transacted, solicited, and conducted business in Louisiana through their employees,

agents, and/or sales representatives, and derived substantial revenue from such business in Louisiana.

14.     Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because this suit concerns real and personal property located in this judicial district, and it is where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

15.     Plaintiffs purchased a Commercial Insurance Policy (hereinafter, "the Policy") from Defendants to insure their Properties and their fair rental value against physical damage by or from wind and hurricane. The Policy was in full force and effect at all relevant times and Plaintiffs paid all premiums when due.

16.     On August 29, 2021, Hurricane Ida made landfall as a Category 4 Hurricane, battering coastal and inland properties with punishing rains and high-speed winds of at least 150 mph.

17.     Hurricane Ida caused substantial damage to the Properties. The high winds and debris impacted the roofs, roof structures and exterior of the properties, and caused several storm-created openings that allowed wind, rain, and debris to enter.

18.     Once Plaintiffs discovered the Properties' damages, Plaintiffs made immediate claims to Defendants.

19.     Plaintiffs' notices of claims to Defendants were timely and properly satisfied all notice requirements under the Policy.

20.     Defendants sent a third-party adjuster out to Plaintiffs' Properties.

21.     Defendants did not complete estimates for repairs to the Properties within thirty (30) days after the loss.

22.     Defendants did not complete estimates for repairs to the Properties within sixty (60) days after the loss.

23.     Defendants did not make payment to Plaintiffs based on its adjusters' estimates within thirty (30) days after the loss.

24.     Defendants did not make payment to Plaintiffs based on its adjusters' estimates within sixty (60) days after the loss.

25.     On or about February 22, 2022, approximately 177 days after the loss, Defendants' third party adjusters returned estimates insufficient in scope and price to cover the full and adequate cost of covered repairs. Many individual items were omitted or underpaid, and the Defendants underestimated the pricing of labor and materials.

26.     Defendants did not make payment to Plaintiffs based on its adjusters' estimates within thirty (30) days of February 22, 2022.

27.     Defendants did not make payment to Plaintiffs based on its adjusters' estimates within sixty (60) days of February 22, 2022.

28.     On May 27, 2022, Defendants' third party adjuster made material misrepresentations of pertinent facts relating to coverages at issue by circulating a statement via email that did not accurately reflect the amount paid to the Plaintiffs on the claims.

29.     Defendants failed to pay undisputed funds owed to the Plaintiffs within thirty (30) days after numerous agreements by Defendants' adjusters were made to the Plaintiffs in writing.

30.     Due to the physical loss and damage to Plaintiffs' properties and the suspension of operations, Plaintiffs have incurred, and will continue to incur, a substantial loss of business income and extra expense which is covered under the Policy.

31.     Due to Defendants' lack of proper payment, Plaintiffs were forced to retain an expert to document the covered damages sustained to the Properties as a result of the hurricane. Plaintiffs' expert reports thoroughly examine the actual damage to the Properties and present a detailed itemization of the losses, all of which are covered under the Policy. They consider items omitted and/or underpaid by the insurance adjuster and reflect the proper and true cost to repair the damage covered under the Policy. Plaintiffs' expert used pricing models which account for post-storm increases in material and labor costs required for full and proper repair.

32.     Plaintiffs requested additional payment on the claims by completing Proofs of Loss and submitting them to the Defendants, along with a copy of Plaintiffs' supporting documentation.

33.     At all relevant times Plaintiffs acted reasonably and promptly on all requested documentation and information and mitigation of damages.

34.     Plaintiffs cooperated fully and promptly with all Defendants' requests to inspect the properties.

35.     Plaintiffs fully cooperated with Defendants' claims investigations and adjustments.

36.     Prior to Plaintiffs' submission of Proofs of Loss, estimates, and photographs, Defendants had the opportunity to apprise themselves of the damages and obtain proofs of loss when their adjuster first inspected the Properties.

37.     Defendants unfairly and improperly persisted in denying payment on the full amount of Plaintiffs' claims after receiving satisfactory proofs of loss.

38.     Defendants misrepresented to Plaintiffs pertinent facts relating to the coverages at issue.

39.     Upon information and belief, Defendants conducted their loss investigations and claims handling process for Plaintiffs in bad faith.

40.     Upon information and belief, Defendants conducted their loss investigations and claims handling process for Plaintiffs in violation of their obligations under the Policy.

41.     Plaintiffs have incurred and will continue to incur additional expenses as a direct result of Defendants' failure to timely tender adequate insurance proceeds necessary to compensate Plaintiffs for the full extent of the covered losses.

42.     Plaintiffs have incurred professional expenses, including attorney fees, as a result of Defendants' failure to timely and adequately compensate Plaintiffs for the full extent of the covered losses.

43.     Defendants' breach of contract and failure to tender adequate insurance claims proceeds caused and continues to cause contractual, consequential, and tort damages.

## CAUSE OF ACTION: Breach of Contract

44.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

45.     Plaintiffs and Defendants entered into a contract when Plaintiffs purchased and Defendants issued the Policy. The Policy, at all times relevant and material to this case, provided insurance coverage to Plaintiffs for, among other things, physical damage to the Properties and contents caused by wind and hurricane conditions.

46.     Plaintiffs duly performed and fully complied with all the conditions of the Policy and conditions precedent to filing this Complaint, including appropriate and adequate demands, or Defendants waived or excused such conditions precedent. Plaintiffs cooperated fully with the claims investigations and properly submitted all documents required.

47.     Defendants had the opportunity to apprise themselves of the damages and obtain proofs of loss when their adjuster first inspected the Properties; however, the Defendants' investigations were incomplete and inadequate.

48.     Despite having received sufficient proofs of loss, Defendants failed to timely tender adequate claims payments due under the Policy.

49.      Defendants unjustifiably failed and/or refused to perform their obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

50.     Defendants failed to perform and materially breached the insurance contract when they wrongly failed to pay Plaintiffs for damages to the properties that the Policy covered.

51.     Defendants also breached the contract by failing to perform other obligations they owed under the Policy.

52.     As the direct and proximate result of Defendants' breach, Plaintiffs have suffered actual damages in excess of Policy limits.

53.     By virtue of their various breaches of contract, including their failure to fully reimburse Plaintiffs for the covered losses, Defendants are liable to and owe Plaintiffs for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered properties, all lost profits, lost business opportunities, and lost income sustained, together with all other damages Plaintiffs may prove as allowed by law.

## CAUSE OF ACTION: La. R.S. Sections 22:1892 and 22:1973

54.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

55.     Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

56. La. R.S. § 22:1973 imposes penalties on insurers who "[fail] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."

57. La. R.S. § 22:1892 imposes penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty days.

58. La. R.S. § 22:1973 imposes penalties on insurers who fail to pay a settlement within thirty days after an agreement is reduced to writing.

59. La. R.S. § 22:1973 imposes penalties on insurers who misrepresent pertinent facts or insurance policy provisions relating to any coverages at issue.

60. Defendants failed to pay the amount due to Plaintiffs in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss.

61. Defendants failed to make a written offer to settle Plaintiffs' claims within thirty (30) days after receiving satisfactory proof of loss.

62. Defendants have been in possession of sufficient documentation to fully apprise themselves of the actual losses and damages for more than sixty (60) days after the losses, but have failed to pay Plaintiffs the actual amount due under the Policy.

63. Defendants did not complete estimates for repairs to the Properties within thirty (30) days after the loss.

64. Defendants did not complete estimates for repairs to the Properties within sixty (60) days after the loss.

65. Defendants did not make payment to Plaintiffs based on its adjusters' estimates within thirty (30) days after the loss.

11

66.     Defendants did not make payment to Plaintiffs based on its adjusters' estimates within sixty (60) days after the loss.

67.     Defendants are in violation of La. R.S. §§ 22:1973 and 22:1892 because Defendants' third party adjuster made material misrepresentations of pertinent facts relating to coverages at issue by circulating a statement via email on May 27, 2022 that did not accurately reflect the amount paid to the Plaintiffs on the claims.

68.     Defendants are in violation of La. R.S. §§ 22:1973 and 22:1892 because Defendants failed to pay undisputed funds owed to the Plaintiffs within thirty days after numerous agreements by Defendants' adjusters were made to the Plaintiffs in writing.

69.     Defendants are in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Plaintiffs adequate payments in connection with the damages despite having received satisfactory proofs of loss following their own inspections of the Properties and after Plaintiffs independently provided documentation of the damages and replacement costs needed.

70.     Defendants' failure to adequately compensate Plaintiffs for the covered losses under the Policy was arbitrary, capricious, and without probable cause in violation of La. R.S. §§ 22:1892 and 22:1973.

71.     Defendants' failure to promptly, fairly and fully investigate Plaintiffs' claims for the covered losses under the Policy was arbitrary, capricious, and without probable cause in violation of La. R.S. §§ 22:1892 and 22:1973 and in breach of their duty of good faith and fair dealing.

72.     Defendants' failure to pay timely for damages Defendants knew or should have known existed—after Defendants' initial inspection of the Properties and after Defendants

12

received Plaintiffs' proofs of loss and estimates of damages—was in violation of La. R.S. §§ 22:1892 and 22:1973.

73.     Pursuant to La. Rev. Stat. Ann. §22:1892, Defendants are liable to Plaintiffs for a penalty of fifty percent (50%), in addition to the amount of the loss, on the amount due from Defendants, as well as reasonable attorney's fees and costs for Defendants' failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proofs of loss.

74.     Pursuant to La. Rev. Stat. Ann. § 22:1973, Defendants are additionally liable to Plaintiffs for actual damages, including but not limited to loss of income, loss of earning potential, lost contracts, lost business opportunities, and other consequential damages for Defendants' misrepresentations of pertinent facts concerning the amounts owed, their coverages, and their provisions under the Policy, as well as for failing to unconditionally tender the amounts owed to Plaintiffs within sixty (60) days after receipt of satisfactory proofs of loss, which was arbitrary, capricious, and without probable cause.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment for such amounts as Plaintiffs  may prove at trial by jury, including the full amount of the Properties' building damages at Replacement Cost Value; reimbursement for loss of business income and extra expenses; and all actual and consequential damages attributable to Defendants' breach of the insurance policy contract; applicable penalties under La. R.S. § 22:1892 and La. R.S. § 1973, along with all attorney fees and litigation expenses; and additional and further relief this Court deems just and equitable.

Respectfully submitted,

**LONG & LONG, P.C.**

*s/Cate Biggs Vosbein*

**Cate Biggs Vosbein**
Bar No: 35657
3600 Springhill Memorial Dr. N.
Mobile, AL 36608
Direct: 832.702.0032
Main: 251.445.6000
Fax: 251.445.0282
Cate@LongandLong.com

**LOFTIN & LEBLANC, LLC**

*s/Billy E. Loftin, Jr.*

**Billy E. Loftin, Jr.**
Bar No.: 20929
410 E. College St., Suite A
Lake Charles, LA 70605
Main: 337.310.4300
Fax: 337.310.4400
billy@lcllegal.com

*Attorneys for Plaintiffs*