## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OLSEN SECURITIES CORPORATION, INC., | * | |
| OSC MANAGEMENT, INC., JASMINE LANE | * | |
| ASSOCIATES, LTD., LANCELOT SQUARE | * | |
| TC-17 ASSOCIATES LIMITED | * | |
| PARTNERSHIP, OLD MAN RIVER, LP, | * | CIVIL ACTON NO. 2:22-cv-02025 |
| ST. ROSE ASSOCIATES, LTD., WILLOW | * | |
| RIDGE ASSOCIATES, LTD., PINE CLIFF | * | |
| TC-17 ASSOCIATES LIMITED | * | |
| PARTNERSHIP, AIRPORT ROAD | * | |
| ASSOCIATES, LTD., COLLEGE TOWNE | * | JUDGE: SUSIE MORGAN |
| PARTNERSHIP, GREEN OAKS | * | |
| ASSOCIATES, LTD., and CEDAR COURT | * | |
| ASSOCIATES, LTD. | * | |
| | * | |
| vs. | * | |
| | * | |
| CERTAIN UNDERWRITERS AT LLOYD'S, | * | MAGISTRATE JUDGE: |
| LONDON, INDIAN HARBOR INSURANCE | * | DONNA PHILLIPS CURRAULT |
| COMPANY, QBE SPECIALTY INSURANCE | * | |
| COMPANY, STEADFAST INSURANCE | * | |
| COMPANY, GENERAL SECURITY | * | |
| INDEMNITY COMPANY OF ARIZONA, | * | |
| UNITED SPECIALTY INSURANCE | * | |
| COMPANY, LEXINGTON | * | |
| INSURANCE COMPANY, SAFETY | * | |
| SPECIALTY INSURANCE COMPANY, | * | |
| HDI GLOBAL SPECIALTY SE, and | * | |
| OLD REPUBLIC UNION INSURANCE | * | |
| COMPANY | * | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-71981, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company, (hereinafter collectively "Defendants"), without waiving and specifically reserving all defenses available to Defendants,

including the right to compel arbitration of all claims asserted by Plaintiffs, through undersigned counsel, answer the Complaint for Damages ("Complaint) filed by Plaintiffs, as follows:

1.

In response to the allegations of Paragraph 1 of the Complaint, Defendants admit that they issued a policy of insurance bearing Account Policy No. 779940 (hereinafter the "Account Policy"). The Account Policy is the best evidence of its coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied. The remaining allegations of Paragraph 1 of the Complaint are denied due to a lack of information sufficient to form a belief in the truth of those allegations.

2.

In response to the allegations of Paragraph 2 of the Complaint, Defendants admit that Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-71981 are surplus lines insurers and citizens of the United Kingdom.

3.

In response to the allegations of Paragraph 3 of the Complaint, Defendants admit that Indian Harbor Insurance Company is a surplus lines insurer and a Delaware corporation with its principal place of business in Connecticut.

4.

In response to the allegations of Paragraph 4 of the Complaint, Defendants admit that QBE Specialty Insurance Company is a surplus lines insurer and a North Dakota corporation with its principal place of business in Wisconsin.

5.

In response to the allegations of Paragraph 5 of the Complaint, Defendants admit that Steadfast Insurance Company is a surplus lines insurer and an Illinois corporation engaged in the insurance business with a statutory home office located at 1299 Zurich Way, Schaumburg, Illinois 60196, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

6.

In response to the allegations of Paragraph 6 of the Complaint, Defendants admit that General Security Indemnity Company is a surplus lines insurer and an Arizona corporation with its principal place of business in New York.

7.

In response to the allegations of Paragraph 7 of the Complaint, Defendants admit that United Specialty Insurance Company is a surplus lines insurer and a Delaware corporation with its principal place of business in Texas.

8.

In response to the allegations of Paragraph 8 of the Complaint, Defendants admit that Lexington Insurance Company is a surplus lines insurer and a Delaware corporation with its principal place of business in Massachusetts.

9.

In response to the allegations of Paragraph 9 of the Complaint, Defendants admit that Safety Specialty Insurance Company is a surplus lines insurer and a Missouri insurance company with its principal place of business in Missouri.

10.

In response to the allegations of Paragraph 10 of the Complaint, Defendants admit that HDI Global Specialty SE is a surplus lines insurer that is registered under the law of Germany, with its principal place of business in Germany.

11.

In response to the allegations of Paragraph 11 of the Complaint, Defendants admit that Old Republic Insurance Company is a surplus line, insurer and an Illinois insurance company with its principal place of business in Illinois.

12.

The allegations of Paragraph 12 of the Complaint are denied due to a lack of information sufficient to form a belief in the truth of these allegations.  The United States District Court for the Eastern District of Louisiana has Subject Matter Jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205.

13.

The allegations of Paragraph 13 of the Complaint are denied as stated.  However, the Defendants do not deny that there is personal jurisdiction in this Court.

14.

The allegations of Paragraph 14 of the Complaint are denied as stated.  Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 9 U.S.C. § 204.

15.

In response to the allegations of Paragraph 15 of the Complaint, Defendants admit that they issued a policy of insurance bearing Account Policy No. 779940 (hereinafter the "Account

Policy"). The Account Policy is the best evidence of its coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

16.

The allegations of Paragraph 16 of the Complaint are denied as stated.

17.

The allegations of Paragraph 17 of the Complaint are denied.

18.

The allegations of Paragraph 18 of the Complaint are denied as stated.

19.

The allegations of Paragraph 19 of the Complaint are denied as stated.

20.

In response to the allegations of Paragraph 20 of the Complaint, Defendants admit that Sedgwick was retained to act as the field adjuster on behalf of all Defendants, and that several consultants were also retained on behalf of all Defendants, and that Defendants adjusted this claim promptly, thoroughly, and in good faith.

21.

In response to the allegations of Paragraph 21 of the Complaint, Defendants admit that they timely, promptly, and thoroughly inspected the subject properties and adjusted Plaintiffs' claim, and, at no time, acted arbitrarily or capriciously. All other allegations of paragraph 21 of the Complaint are denied.

22.

In response to the allegations of Paragraph 22 of the Complaint, Defendants admit that they timely, promptly, and thoroughly inspected the subject properties and adjusted Plaintiffs' claim,

and, at no time, acted arbitrarily or capriciously.  All other allegations of Paragraph 22 of the Complaint are denied.

23.

In response to the allegations of Paragraph 23 of the Complaint, Defendants admit that they timely and fully paid all uncontested amounts due Plaintiffs.  All other allegations of Paragraph 23 of the Complaint are denied.

24.

In response to the allegations of Paragraph 24 of the Complaint, Defendants admit that they timely and fully paid all uncontested amounts due Plaintiffs.  All other allegations of Paragraph 23 of the Complaint are denied.

25.

The allegations of Paragraph 25 of the Complaint are denied.

26.

The allegations of Paragraph 26 of the Complaint are denied as stated.

27.

The allegations of Paragraph 27 of the Complaint are denied as stated.

28.

The allegations of Paragraph 28 of the Complaint are denied.

29.

The allegations of Paragraph 29 of the Complaint are denied.

30.

The allegations of Paragraph 30 of the Complaint are denied.

31.

The allegations of Paragraph 31 of the Complaint are denied.

32.

The allegations of Paragraph 32 of the Complaint are denied as stated.

33.

The allegations of Paragraph 33 of the Complaint are denied.

34.

The allegations of Paragraph 34 of the Complaint are denied as stated.

35.

The allegations of Paragraph 35 of the Complaint are denied as stated.

36.

The allegations of Paragraph 36 of the Complaint are denied.

37.

The allegations of Paragraph 37 of the Complaint are denied.

38.

The allegations of Paragraph 38 of the Complaint are denied.

39.

The allegations of Paragraph 39 of the Complaint are denied.

40.

The allegations of Paragraph 40 of the Complaint are denied.

41.

The allegations of Paragraph 41 of the Complaint are denied.

42.

The allegations of Paragraph 42 of the Complaint are denied.

43.

The allegations of Paragraph 43 of the Complaint are denied.

44.

Defendants restate their responses to Paragraphs 1-43 of the Complaint.

45.

In response to the allegations of Paragraph 45 of the Complaint, Defendants admit that they issued a policy of insurance bearing Account Policy No. 779940 (hereinafter the "Account Policy"). The Account Policy is the best evidence of its coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

46.

The allegations of Paragraph 46 of the Complaint are denied.

47.

The allegations of Paragraph 47 of the Complaint are denied.

48.

The allegations of Paragraph 48 of the Complaint are denied.

49.

The allegations of Paragraph 49 of the Complaint are denied.

50.

The allegations of Paragraph 50 of the Complaint are denied.

51.

The allegations of Paragraph 51 of the Complaint are denied.

52.

The allegations of Paragraph 52 of the Complaint are denied.

53.

The allegations of Paragraph 53 of the Complaint are denied.

54.

Defendants restate their responses to Paragraphs 1-53 of the Complaint.

55.

Paragraph 55 of the Complaint purports to be a statement of Louisiana law. The relevant statutes, along with the controlling jurisprudence, are the best evidence of their contents and Defendants deny everything at variance therewith. Defendants deny any "bad faith" and any liability to Plaintiffs.

56.

Paragraph 56 of the Complaint purports to be a statement of Louisiana law. The relevant statutes, along with the controlling jurisprudence, are the best evidence of their contents and Defendants deny everything at variance therewith. Defendants deny any "bad faith" and any liability to Plaintiffs.

57.

The allegations of Paragraph 57 of the Complaint are denied.

58.

Paragraph 58 of the Complaint purports to be a statement of Louisiana law. The relevant statutes, along with the controlling jurisprudence, are the best evidence of their contents and Defendants deny everything at variance therewith. Defendants deny any "bad faith" and any liability to Plaintiffs.

59.

Paragraph 59 of the Complaint purports to be a statement of Louisiana law.  The relevant statutes, along with the controlling jurisprudence, are the best evidence of their contents and Defendants deny everything at variance therewith.  Defendants deny any "bad faith" and any liability to Plaintiffs.

60.

The allegations of Paragraph 60 of the Complaint are denied.

61.

The allegations of Paragraph 61 of the Complaint are denied.

62.

The allegations of Paragraph 62 of the Complaint are denied.

63.

The allegations of Paragraph 63 of the Complaint are denied as stated.

64.

The allegations of Paragraph 64 of the Complaint are denied as stated.

65.

The allegations of Paragraph 65 of the Complaint are denied as stated.

66.

The allegations of Paragraph 66 of the Complaint are denied as stated.

67.

The allegations of Paragraph 67 of the Complaint are denied.

68.

The allegations of Paragraph 68 of the Complaint are denied.

69.

The allegations of Paragraph 69 of the Complaint are denied.

70.

The allegations of Paragraph 70 of the Complaint are denied.

71.

The allegations of Paragraph 71 of the Complaint are denied.

72.

The allegations of Paragraph 72 of the Complaint are denied.

73.

The allegations of Paragraph 73 of the Complaint are denied.

74.

The allegations of Paragraph 74 of the Complaint are denied.

75.

The allegations of the unnumbered paragraph, which includes Plaintiffs' "Prayer for Relief" (the paragraph commencing "WHEREFORE"), are denied.

76.

Any and all allegations of the Complaint not otherwise answered herein are denied.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

All claims asserted by Plaintiffs are subject to mandatory arbitration under the Account Policy and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

## SECOND DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

11

## THIRD DEFENSE

Plaintiffs have no right of action against Defendants.

## FOURTH DEFENSE

Defendants plead accord and satisfaction as an affirmative defense to the claims asserted herein.

## FIFTH DEFENSE

Defendants specifically plead that Plaintiffs cannot recover for damages not causally related to the events of August 29, 2021, which are the subject of the Complaint, including but not limited to damages caused by prior unreported occurrences and/or damages resulting from causes of loss excluded from coverage, or otherwise not covered, by the Account Policy.

## SIXTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTH DEFENSE

The Account Policy, and all endorsements thereto, is affirmatively plead, as if it were set forth herein in full, and Defendants deny anything at variance with the written terms, conditions, definitions, limitations, sublimits, exclusions, deductibles, and provisions of the Account Policy, including but not limited to the non-exclusive Account Policy provisions set forth hereinafter.

## EIGHTH DEFENSE

Plaintiffs have failed to comply with duties and obligations set forth in the Account Policy.

## NINTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs failed to submit satisfactory proof of loss fully apprising Defendants of the claims made and/or failed to provide Defendants with notice or proof of the extent and amount of Plaintiffs' alleged losses.

**TENTH DEFENSE**

Defendants deny that Plaintiffs have met the conditions precedent to recover under the Account Policy for the damages sought.

**ELEVENTH DEFENSE**

Defendants affirmatively plead the Windstorm or Hail and Named Storm deductibles set forth at the Account Policy's Section D (4) of COMPASS SUP DECL 04 18.

**TWELFTH DEFENSE**

Defendants affirmatively plead the limits and sub limits of coverage set forth at the Account Policy's Section B of COMPASS SUP DECL 04 18 and the Additional Coverage Endorsement (Wind-Driven Precipitation) (WDP-1-04 15).

**THIRTEENTH DEFENSE**

Defendants affirmatively plead the exclusions set forth at the Account Policy's Section II (B) of COMPASS 04 18 Commercial Property Compass Form, including, but not limited to, those at subparagraphs 6, 7, 10, 11, 12, 13, 14,15, 18, 20, 26, and 33, and the Additional Exclusions set forth in the Additional Coverage Endorsement (Wind-Driven Precipitation) (WDP-1-04 15).

**FOURTEENTH DEFENSE**

Defendants' Account Policy includes an Arbitration Clause, at Section VII (C) of COMPASS 04 18 Commercial Property Compass Form, which is affirmatively pled as if set forth here in full.

**FIFTEENTH DEFENSE**

Defendants plead the Coverages and Limits of Liability set forth at the Account Policy's COMPASS 04 18 Commercial Property Compass Form and the specific limits contained in the Statement of Values or other documentation relating to the Account Policy.

## SIXTEENTH DEFENSE

Defendants affirmatively plead the Requirements in Case of Loss set forth at Section VII (S) of COMPASS 04 18 Commercial Property Compass Form.

## SEVENTEENTH DEFENSE

The exact damages/losses claimed by Plaintiffs have not been fully documented or established, and thus Defendants cannot adequately determine all provisions of the Account Policy that may be applicable to Plaintiffs' claims.   Therefore, Defendants expressly reserve by this reference the right to raise additional defenses to the extent that:

(1)    Additional defenses become applicable under state and/or federal law.

(2)    Additional defenses are established as discovery proceeds in arbitration.

(3)    Additional defenses are available under subsequently asserted theories of recovery.

## EIGHTEENTH DEFENSE

Defendants preserve such other affirmative defenses that may become available to them by this Answer and do not waive subsequent defenses.

**WHEREFORE**, Defendants, Lloyd's, London, severally subscribing to Certificate No. AMR-71981, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company, pray that their Answer be deemed good and sufficient and that this matter be referred to arbitration as mandated and set forth in the Account Policy.

## <u>COUNTERCLAIM FOR DECLARATORY JUDGMENT</u>

Assuming the role of Counterclaimants, Lloyd's, London, severally subscribing to Certificate No. AMR-71981, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company (hereinafter collectively "Counterclaimants"), file this Counterclaim for Declaratory Judgment against Defendants in Counterclaim, Olsen Securities Corporation, Inc., OSC Management, Inc., Jasmine Lane Associates, LTD, Lancelot Square TC-17 Associates Limited Partnership, Old Man River, LP, St. Rose Associates, Ltd., Willow Ridge Associates, Ltd., Pine Cliff TC-17 Associates Limited Partnership, Airport Road Associates, Ltd., College Towne Partnership, Green Oaks Associates, Ltd., and Cedar Court Associates, Ltd. Counterclaimants seek a declaratory judgment that all matters in dispute between the parties are subject to arbitration pursuant to the Arbitration Agreement between the parties and as mandated and set forth in the Account Policy.

### THE PARTIES

### I.

Counterclaimants are the following insurers, comprising 100% of the insurance market subscribing to and participating in Account Policy No. 779940 ("Account Policy"):

A. Certain Underwriters at Lloyd's London Underwriters, severally subscribing to Certificate No. AMR-71981, are comprised of syndicates that are principally citizens of countries other than the United States, such as the United Kingdom, including:

- Syndicate 2987 is an unincorporated association, the managing agent of which is Brit Syndicates Limited, and the sole corporate member is Brit UW Limited, registered in England and Wales, with its principal place of business in London, England.

- Tokio Marine Kiln Syndicate 510, is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited, and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales, with its principal place of business in London, England.

B. Indian Harbor Insurance Company is a Delaware corporation with its principal place of business in Connecticut.

C. QBE Specialty Insurance Company is a North Dakota corporation with its principal place of business in Wisconsin.

D. Steadfast Insurance Company is an Illinois corporation engaged in the insurance business with a statutory home office located at 1299 Zurich Way, Schaumburg, Illinois 60196, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Steadfast operates as a non-admitted surplus lines insurer in New York.

E. General Security Indemnity Company of Arizona is an Arizona corporation with its principal place of business in New York.

F. United Specialty Insurance Company is a Delaware corporation with its principal place of business in Texas.

G. Lexington Insurance Company is a Delaware corporation with its principal place of business in Massachusetts.

H. HDI Global Specialty SE ("HDI Global") is registered under the law of Germany, with its principal place of business in Germany.

I. Old Republic Union Insurance Company is an Illinois insurance company with its principal place of business in Illinois.

J. Safety Specialty Insurance Company is a Missouri insurance company with its principal place of business in Missouri.

## II.

Made Defendants in Counterclaim are:

A.  Olsen Securities Corporation, Inc., a Louisiana corporation domiciled in Metairie, Louisiana;

B.  OSC Management, Inc., a Louisiana corporation domiciled in Metairie, Louisiana;

C.  Jasmine Lane Associates, LTD, a Louisiana partnership domiciled in Metairie, Louisiana;

D.  Lancelot Square TC-17 Associates Limited Partnership, a Louisiana partnership domiciled in Metairie, Louisiana;

E.  Old Man River, LP, on information and belief, a Louisiana partnership domiciled in Metairie, Louisiana;

F.  St. Rose Associates, Ltd., a Louisiana partnership domiciled in Metairie, Louisiana;

G.  Willow Ridge Associates, Ltd., a Louisiana partnership domiciled in Metairie, Louisiana;

H.  Pine Cliff TC-17 Associates Limited Partnership, a Louisiana partnership domiciled in Metairie, Louisiana;

I.  Airport Road Associates, Ltd., a Louisiana partnership domiciled in Metairie, Louisiana;

J.  College Towne Partnership, on information and belief, a Louisiana partnership domiciled in Metairie, Louisiana;

K.  Green Oaks Associates, Ltd., a Louisiana partnership domiciled in Metairie, Louisiana;

L.  Cedar Court Associates, Ltd., a Louisiana partnership domiciled in Metairie, Louisiana.

## JURISDICTION AND VENUE

## III.

The Arbitration Agreement giving rise to this Counterclaim falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").  The United States ratified the Convention in 1970, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following,* 9 U.S.C. § 201 (West Supp. 1998).  Accordingly, this Court has original jurisdiction under 9 U.S.C. §§ 202, 203 and 205, and 28 U.S.C. § 1331.

## IV.

Venue is proper in this Court.  9 U.S.C. § 204 provides that an action arising from an arbitration agreement which falls under the Convention "may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought".  Because Defendants in Counterclaim are domiciled in Jefferson Parish, an action for a declaratory judgment may be brought in this venue pursuant to 28 U.S.C. §1391.

## FACTUAL SUMMARY

## V.

Defendants in Counterclaim have made claims against Counterclaimants for proceeds under the Account Policy for losses allegedly sustained as a result of Hurricane Ida on or about August 29, 2021.

## VI.

The Account Policy includes the Compass Commercial Property Form (AR COMPASS 04 18), which underlines mandates, at Section VII (C) (the "Arbitration Agreement"), that all "matters in

difference between the Insured and the Companies in relation to this insurance . . . **shall** be referred

to an Arbitration Tribunal."  (Emphasis added)

## THE ARBITRATION CLAUSE

## VII.

Section VII(C) provides:

> C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.
>
> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.  If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.
>
> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.
>
> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.
>
> Each party will pay its chosen Arbitrator, and also bear the expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding.  The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

The portion of the Account Policy containing the Arbitration Clause is attached as Exhibit "1". A full copy of the Account Policy is attached as Exhibit "2".

## THE CONVENTION

## VIII.

The Convention is an international treaty that guarantees citizens of any signatory country the right to enforce agreements to arbitrate disputes.  The United States ratified the Convention in 1970. 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following,* 9 U.S.C. § 201 (West Supp. 1998).  The United Kingdom and Germany are also signatories to the Convention.

## IX.

Under Article II of the Convention, the United States and other signatory countries, and the courts therein, are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen or which may arise between them…."  The courts of each signatory country are bound to enforce such agreements.

## X.

Congress enacted enabling legislation (the "Convention Act") empowering the Courts to enforce agreements falling under the Convention.  *See* 9 U.S.C. §§ 201-208.

20

## XI.

Article 202 of the Convention Act identifies the arbitration agreements that "fall under"

the Convention:

> An arbitration agreement or arbitral award arising out of a legal
> relationship, whether contractual or not, which is considered as
> commercial, including a transaction, contract, or agreement
> described in section 2 of this title, falls under the Convention. An
> agreement or award arising out of such a relationship which is
> entirely between citizens of the United States shall be deemed not to
> fall under the Convention unless that relationship involves property
> located abroad, envisages performance or enforcement abroad, or
> has some other reasonable relation with one or more foreign states.
> For the purpose of this section a corporation is a citizen of the United
> States if it is incorporated or has its principal place of business in
> the United States.

## XII.

If the following four conditions are met, an arbitration agreement falls under the

Convention and must be enforced.

1. There must be an agreement in writing to arbitrate the dispute;

2. The agreement must provide for arbitration in the territory of a Convention signatory;

3. The agreement to arbitrate must arise out of a commercial legal relationship; and

4. At least one party to the agreement must not be an American citizen.

*Stemcor USA Inc. v. Cia Siderurgica do Para Cosipar*, 927 F.3d 906, 910 (5th Cir. 2019).

## XIII.

In the present matter, the Arbitration Agreement contained in the Account Policy falls

under the Convention because: (1) the Arbitration Agreement, contained in the Account Policy, is

a written agreement; (2) the Arbitration Agreement provides for arbitration in New York, which

is within the territory of the United States, a Convention signatory; (3) the relationship between

the Counterclaimants and the Defendants in Counterclaim is a commercial legal relationship; and (4) multiple parties to the Arbitration Agreement are not American citizens.

## XIV.

All matters in dispute between Counterclaimants and Defendants in Counterclaim arise from the insurance contract between the parties (the Account Policy) and are subject to arbitration under the Convention, pursuant to the Arbitration Agreement.

**WHEREFORE** Counterclaimants, Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-71981, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company, respectfully pray that this Court enter a Judgment, adjudicating and declaring that the Arbitration Agreement in the Account Policy is valid and enforceable, and that Counterclaimants and Defendants in Counterclaim are required to submit all disputes arising from or relating to the Account Policy, including all disputes at issue in this litigation, to arbitration pursuant to the terms and conditions of the Arbitration Agreement.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

 _s/Phillip J. Rew_
**BRUCE R. HOEFER, JR. (#6889)**
**Email:  brh@ahhelaw.com**
**D. RUSSELL HOLWADEL (#16975) T.A.**
**Email:  drh@ahhelaw.com**
**PHILLIP J. REW (#25843)**
**Email:  pjr@ahhelaw.com**
**HEATHER E. REZNIK (#29175)**
**Email:  her@ahhelaw.com**
**KYLE M. TRUXILLO (#38920)**

**Email: kmt@ahhelaw.com**
**RICHARD R. STEDMAN, II (#29435)**
Email: rrs@ahhelaw.com
400 Poydras Street, Suite 2450
New Orleans, Louisiana  70130
Telephone:     (504) 581-2606
 Facsimile:     (504) 525-1488
***Attorneys for all Underwriters under Account Policy 779940: Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-71981, Indian Harbor Insurance Company, Lexington Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity of Arizona, HDI Global Specialty SE, Old Republic Union Insurance, Safety Specialty Insurance Company***

## CERTIFICATE OF SERVICE

I certify that on this 18th day of July, 2022, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*s/Phillip J. Rew*